Filed 3/13/13  Russell C. v. Super. Ct. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| RUSSELL C.,<br><br>                Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES,<br><br>                Respondent.<br><br>LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>                Real Party in Interest. | B245712<br><br>(Super. Ct. No. CK21223) |

Writ petition to review order setting hearing under Welfare and Institutions Code section 366.26.  Debra L. Losnick, Juvenile Court Referee.  Petition denied.

Law Offices of Katherine Anderson, Jennifer Pichotta and Christina Curtis for Petitioner.

No appearance for Respondent.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Stephen D. Watson, Senior Associate County Counsel for Real Party in Interest Los Angeles County Department of Children and Family Services.

_____

Petitioner Russell C. seeks extraordinary relief (Welf. & Inst. Code, § 366.26, subd. (*l*);[1] Cal. Rules of Court, rule 8.452) from the juvenile court's order, made at the 12-month review hearing (§ 366.21, subd. (f)), terminating family reunification services and setting a hearing pursuant to section 366.26 to consider selection and implementation of a permanent plan for his two dependent children, 13-year-old Roxanne C. and eight-year-old Erin C. (the children). We deny the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 15, 2011, the Los Angeles County Department of Children and Family Services (Department) filed a petition under section 300 to declare the children and their half-siblings Stephanie A. and Adrienne J.[2] dependents of the juvenile court for Russell C.'s sexual abuse of Adrienne J. and Melissa A., who is also a half-sibling of the children.[3]

On July 15, 2011 the juvenile court ordered the children detained. Russell C., who did not appear at the detention hearing, made his first appearance in the case at a pretrial disposition hearing on October 3, 2011. The Department's social worker provided Russell C. with referrals for random drug testing, parenting classes, sex offender treatment, and substance abuse counseling.

The social worker next met with Russell C. on November 7, 2011. Russell C. denied the allegations of sexual molestation. The social worker provided Russell C. with a bus pass, referrals for parenting classes, substance abuse and individual counseling, and a referral for financial assistance through the Los Angeles County Department of Social Services (DPSS). The social worker told Russell C. that he may be required to apply for General Relief, and Russell C. stated that he might not qualify for General Relief because

---

[1] All statutory references are to the Welfare and Institutions Code.

[2] Russell C. is not the father of 17-year-old Stephanie A. or 16-year-old Adrienne J.

[3] Melissa A. was an adult at the time the dependency petition was filed.

2

he was receiving unemployment benefits. The social worker recommended that Russell C. contact DPSS to obtain any assistance for which he was eligible.

On December 1, 2011 the juvenile court sustained an amended section 300 petition which included the allegations Russell C. sexually abused Adrienne J. and Melissa A. The court ordered Russell C. to participate in individual counseling to address case issues and sex abuse counseling for perpetrators, and continued the case to May 31, 2012 for the six-month review hearing. (§ 366.21, subd. (e).)

In its report for the six-month review hearing the Department stated that, as of March 12, 2012, Russell C. had not enrolled in any of his court-ordered programs. The social worker had referred Russell C. to Prototypes[4] for additional referrals, but Prototypes advised that Russell C. did not qualify for its services because he was not receiving CalWORKS.[5] On March 14, 2012 the social worker provided Russell C. with additional referrals. On March 21, 2012 Russell C. enrolled in a sex offender counseling program. Russell C. told the social worker that he could not afford to enroll in individual counseling, but planned to comply with the court's orders. Russell C. was consistently visiting the children, and his interactions with them during the visits were appropriate.

At the six-month review hearing on May 31, 2012, the juvenile court found that the Department had provided reasonable reunification services and Russell C. was in partial compliance with his case plan. The court continued the case to September 14, 2012 for the 12-month review hearing. (§ 366.21, subd. (f).)

In its filing for the 12-month review hearing, the Department reported that Russell C. had been dropped from his sex offender counseling program on August 1, 2012 for poor attendance. On September 4, 2012 Russell C. told the social worker he

---

[4]     Prototypes is a Southern California organization that offers treatment services to those in need.

[5]     CalWORKS is a welfare program that gives cash aid and services to eligible needy California families.

ceased attending the program because his unemployment benefits stopped and it became a financial hardship, but he added that he would re-enroll in the program the following week. Russell C. had not started individual counseling, stating that he could not afford the program fees. On September 7, 2012 the social worker contacted Russell C.'s sex offender counselor, who stated that the counseling sessions cost $35 each and, although a sliding fee scale was not available, the program could be combined with individual counseling at a cost of $75 to $85 per session. On September 11, 2012, Russell C. requested that the 12-month review hearing be set for a contest. The court set the contested hearing for November 1, 2012 and ordered the Department to prepare a supplemental report addressing Russell C.'s progress in his programs and his visitation with the children.

On November 1, 2012 the Department submitted a supplemental report, indicating Russell C. had attended 17 of the required 52 sex offender sessions. The sex offender counselor reported that Russell C. continued to deny that he had engaged in any inappropriate behavior with Adrienne J., and felt that he was victimized by the system. The counselor opined that Russell C. would require additional time in the program to address his issues. Russell C. was unemployed and living with a new girlfriend.

Russell C. did not appear at the contested 12-month review hearing on November 1, 2012. The court admitted the Department's reports into evidence. Counsel for Russell C. acknowledged that Russell C. had attended only 17 of the required 52 sex offender counseling sessions, had not enrolled in individual counseling, and that only two months remained before the case reached the 18-month statutory limit for reunification. (§§ 361.5, subd. (a)(3), 366.22.) Counsel asserted Russell C.'s failure to participate in counseling was the result of financial difficulty, and maintained that extraordinary circumstances existed warranting extension of reunification beyond the 18-month date.

After hearing argument, the court announced its decision to terminate reunification services. The court observed that, with the case approaching the statutory limit for reunification, Russell C. continued to deny the allegations in the dependency petition.

4

The court found Russell C. was not in compliance with his case plan, the Department had provided reasonable reunification services, the return of the children to Russell C. would create a substantial risk of detriment to their well-being, and there was not a substantial probability the children could be returned to Russell C.'s custody by the 18-month date. The court then set the matter for a hearing pursuant to section 366.26.

## CONTENTION

Russell C. contends the juvenile court improperly terminated reunification because there was not substantial evidence to support the court's finding the Department provided reasonable reunification services. Specifically, Russell C. argues that the social worker knew he had financial difficulties, yet failed to offer him referrals he could afford.

## DISCUSSION

1. *Russell C. Forfeited His Right to Assert Inadequacy of Reunification Services by Failing to Raise the Issue in the Juvenile Court*

At the contested 12-month review hearing on November 1, 2012 Russell C. did not contend that the services provided to him by the Department were inadequate, but claimed only that it was not in the children's best interests to terminate reunification. By failing to object to the adequacy of reunification services in the juvenile court, Russell C. has forfeited his right to assert error in this court. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293; *In re Kevin S.* (1996) 41 Cal.App.4th 882, 885; *In re Lorenzo C.* (1997) 54 Cal.App.4th 1330, 1338-1339; *In re Christina L.* (1992) 3 Cal.App.4th 404, 416.)

2. *Substantial Evidence Supports the Juvenile Court's Finding of Reasonable Reunification Services*

Even if we were to exercise discretion to consider Russell C.'s forfeited claim (see *Rosa S. v. Superior Court* (2002) 100 Cal.App.4th 1181, 1188), the record contains substantial evidence to support the juvenile court's finding of reasonable reunification services.

We review the juvenile court's order finding that reasonable reunification services were offered under the substantial evidence standard. (*In re Shelley J.* (1998)

5

68 Cal.App.4th 322, 329.)[6] While we recognize that in many cases more services might have been provided and the services that were provided may have been imperfect, the standard is whether the services provided were reasonable under the circumstances. (*In re Misako R.* (1991) 2 Cal.App.4th 538, 547.)

Substantial evidence supports the juvenile court's finding the services offered to Russell C. were reasonable under the circumstances of his case. (*In re Christina L., supra,* 3 Cal.App.4th at pp. 416-417; *In re Jasmon O.* (1994) 8 Cal.4th 398, 424-425.) The record demonstrates that the social worker immediately identified the problems that led to the loss of custody, promptly provided Russell C. with referrals for his court-ordered programs, and thereafter met with Russell C. on a regular basis, urged him to comply with his court-ordered treatment plan, and gave him referrals for additional programs. The record further shows that, notwithstanding the social worker's referrals and other efforts to assist him, Russell C. failed to take advantage of the various services offered to him. When Russell C. indicated he had financial difficulty, the social worker encouraged him to contact DPSS to obtain assistance for which he was eligible, and Russell C. offers no evidence that he acted on the social worker's suggestion. Later, when the social worker learned that Russell C. did not qualify for the referral to Prototypes, she immediately provided Russell C. with additional referrals. Later still, when he was dropped from his sex offender counseling program for poor attendance, Russell C. delayed more than a month before he informed the social worker that he was no longer attending counseling, and told the social worker that his poor attendance

---

[6] When we review the juvenile court's findings under the substantial evidence standard, we inquire only whether there is any evidence, contradicted or uncontradicted, that supports the court's determination. We resolve all conflicts in support of the determination, indulge in all legitimate inferences to uphold the findings and may not substitute our deductions for those of the juvenile court. (*In re Katrina C.* (1988) 201 Cal.App.3d 540, 547; *In re John V.* (1992) 5 Cal.App.4th 1201, 1212.)

resulted from financial problems.  In sum, substantial evidence supports the juvenile court's finding the Department provided reasonable reunification services to Russell C.

**DISPOSITION**

The petition is denied.

ZELON, J.

We concur:

WOODS, Acting P. J.

JACKSON, J.